IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MIKE DEWAYNE MINCEY | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv447 |
| DOUG DRETKE | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Mike Dewayne Mincey, an inmate confined at the Ramsey Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner contends he should be entitled to equitable tolling concerning his first state application for writ of habeas corpus. The application was returned to petitioner by the Court of Criminal Appeals because it did not comply with Rule 73 of the Texas Rules of Appellate Procedure. *See Ex parte Mincey*, Application No. WR-46,215-02, at 2-3. Petitioner maintains that he should

be entitled to equitable tolling for the period of time from the date on which he mailed the improper application through the date on which the improper application was returned to him.

Because petitioner's first application did not comply with the rule requirements for a state application for writ of habeas corpus, Texas Rule of Appellate Procedure 73.1, petitioner's application was not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Rule 73.1 of the Texas Rules of Appellate Procedure prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. R. APP. PROC. 73.1.

The one-year limitations provision contained in the AEDPA "does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The basic principles of equitable tolling were discussed in *Ott v. Johnson*, 192 F.3d 510 (5th Cir.1999):

> we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling.

*Id*. at 513-514. The Fifth Circuit went on to find that there was no error in the district court's decision not to apply the doctrine of equitable tolling regarding delays associated with the Texas Court of Criminal Appeals' notification system through mailed postcards. *Id.* at 514. Other decisions by the Fifth Circuit held that inadequacies in a prison law library likewise do not provide a basis for equitable tolling. *Fielder v. Johnson*, 204 F.3d 168 (5th Cir.2000). A prisoner is not entitled to equitable tolling for the seven week gap between the date he submitted a state petition for

post-conviction relief to prison officials for mailing and the date the petition was stamped filed. *Coleman v. Johnson*, 184 F.3d 398 (5th Cir.1999). The fact that a prisoner did not receive notice of the statute of limitations until 43 days after AEDPA's effective date did not warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Further, "[a] garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402 (citation and internal quotation marks omitted).

*Pro se* status does not excuse an untimely filed federal habeas petition. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). Mere ignorance of the law is not a circumstance warranting application of equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Petitioner has presented no more than a garden variety claim of excusable neglect. Petitioner has failed to demonstrate that exceptional circumstances prevented him from filing his petition within the statutory period of limitations. Therefore, petitioner is not entitled to equitable tolling. As a result, the petition is barred by the statute of limitations. After careful consideration, the court concludes petitioner's objections should be overruled.

Furthermore, the petition is without merit. Petitioner has failed to show that the state court adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the petition should be denied.

<u>O R D E R</u>

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **18** day of **October, 2007.**

_____
Ron Clark, United States District Judge